## 11166

### EARGLE *ET AL.* v. RICHLAND COUNTY PERMANENT ROADS COMMISSION

#### (116 S. E., 445)

HIGHWAYS—CHANGE OF ROUTE OF STATE HIGHWAY HELD JUSTIFIED BY NECESSITY OF OBTAINING STATE AND FEDERAL AID.—The change of route of a State Highway was authorized in order to obtain State and Federal Aid, under the Act March 5, 1920 (31 St. at Large, p. 1628), creating the Richland County Permanent Roads Commission, by virtue of which the road was constructed pursuant to Section 6 in co-operation with the State Highway Department and the Federal Government.

Before PEURIFOY, J., Richland, April, 1922. Affirmed.

Action by J. W. Eargle and E. T. Rauch against Richland County Permanent Roads Commission, to enjoin the proposed change of the Newberry Road. From order dismissing the complaint the plaintiffs appeal.

*Messrs. D. W. Robinson* and *S. M. Busby,* for appellants, cite: *Road designated by Act:* 31 Stat., 1630. *And must be used:* 1 Elliott, Roads and Streets, Secs. 437, 56, 400,

453, 622, 2 Id., Secs. 665, 666. *Variation fatal:* 147 N. W., 240; I Ell., Roads &c. Sec. 380; 57 Atl., 131; 57 Atl., 403; 59 N. E., 119; 140 N. Y. App. Div., 746; 13 R. A. L., 52, Sec. 44; Id., 61, Sec. 54; 80 S. E., 635; Ann. Cas., 1913 D., 120.

*Messrs. John J. Earle* and *W. C. McLain,* for respondent, cite: *Duty of State Highway Commission:* 31 Stat., 1072, Secs. 6, 17. *Federal Aid:* Act of Congress II, July, 1916. *Allegations and proof as to election not pertinent to issue:* 114 S. C., 525. *Relocating a road:* 33 Ind., 317.

March 19, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1920 the Legislature of this State (Act March 10, 1920 [31 St. at Large, p. 1072]) created a state highway department, and provided for a state highway commission, "to provide systematic highway construction and maintenance throughout the state." Section 6. At the same session (Act March 5, 1920 [31 St. at Large, p. 1628]) it created a Richland County permanent roads commission. This last act contained the following:

"Sec. 6. *Designation of Roads to be Improved—Federal and State Aid—Limit of Cost—Width of Main Highways.* —The commission shall construct, with some durable material, of such width as it may determine, each main highway or thoroughfare as hereinafter designated, to wit: The Newberry road, the Winnsboro or Koon road, the Two-Notch road, and the Garner's Ferry road, to the seventeen mile-post and thence to Eastover: *Provided,* that in the construction of the above roads the commission may co-operate with the state highway department and the federal government, and shall have power to do and perform all things necessary by way of securing the services

of experts, and in securing such federal and state aid as may at any time be available: *Provided, further,* that in the event the funds arising from the sale of the bonds herein provided for are not sufficient to complete the projects hereinabove named, the commission shall have power to apportion the funds on the various projects as it may see fit, looking to the conserving of the best interest of the county, and in the event that the funds arising from the sale of the bonds herein provided for and from any state or federal aid which may be available during the term of office of the commission herein shall exceed the amount necessary to complete the projects herein designated, then and in that event the commission shall have authority to use any such excess fund in its discretion in the improvement of the other roads of Richland County: *Provided, further,* that no contracts shall be made in excess of an average of $30,000 per mile for the building of any highway, and that no main highway shall be less than 16 feet in width."

When the commission came to pave the Newberry road, it adopted the road known as the Newberry road for thirteen miles to Piedmont schoolhouse. At that point about six miles from the county line it left the old Newberry road and selected and started to pave another road that left the Newberry road. The new route is called the Hilton route, and the old is called Spring Hill route. At the county line these two routes are three miles apart. This action is by the residents along the Spring Hill route for $50,000 damages and an injunction against the proposed change of route.

The case was tried before Judge Peurifoy, on Circuit, who refused the injunction and dismissed the complaint.

The exceptions complain mainly of his Honor's findings of fact, and therefore his erroneous conclusions from those facts. It is not necessary to go into a detailed discussion of those facts, though they are in the main well supported

by the evidence. Their exact accuracy is not essential to a true determination of this case.

If these highways were mere local county roads, it might be different. They were not. The Legislature was providing for a system of roads, and that system embraced the state. It is true the statute said to the Richland County permanent roads commission, "You shall pave the Newberry road, but you shall have power to do so in co-operation with the state highway department, and federal government so that you may obtain state and federal aid." The testimony is clear that the adoption of the Hilton route was necessary to obtain the state and federal aid, according to the record.

The judgment is affirmed.

Mr. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and MARION concur.